UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARLO WASHINGTON

    Plaintiff,

v.                                             Case No. 3:23-cv-24756-LC-HTC

ASSISTANT WARDEN G. JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Marlo Washington, proceeding *pro se*, initiated this action on December 18, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint was not accompanied by a motion to proceed *in forma pauperis* or the $402.00 filing fee. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker barred from proceeding *in forma pauperis* who did not pay the filing fee and Plaintiff also failed to truthfully disclose his litigation history.

**I.    THREE-STRIKER STATUS**

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma*

*pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff admits his status as a three-striker and lists three cases he filed that were dismissed as malicious or for failure to state a claim. *See* Doc. 1 at 11-12 (listing *Washington v. Cook, et al.*, 3:23-cv-4041-LC-HTC, Doc. 9 (N.D. Fla. Apr. 17, 2023) (malicious); *Washington v. Cook, et al.*, 3:23-cv-17136-MCR-ZCB, Doc.

6 (N.D. Fla. Nov. 14, 2023) (same); and *Washington v. Norwood, et al.*, 2:21-cv-14192-RAR, Doc. 7 (S.D. Fla. May 12, 2021) (failure to state a claim)). Given these cases, Plaintiff also knew he could not proceed without (1) paying the filing fee or (2) showing he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff's complaint, however, does not make that showing. Plaintiff argues he is "in imminent danger of serious bodily injury" because of suicidal ideations related to gender dysphoria.[1] *Id.* at 7-9. However, courts in this Circuit have repeatedly found a threat of self-harm "is not encompassed within the statutory reference to 'imminent danger of serious bodily injury.' If that were the case, virtually every prisoner plaintiff could make such a claim." *Fails v. Simon*, No. 3:09cv525RV/MD, 2009 WL 5217072, at *2 (N.D. Fla. Dec. 30, 2009); *see also Waller v. Doe*, No. 3:19-CV-751-J-32JBT, 2019 WL 3219839, at *1 (M.D. Fla. July 17, 2019), *appeal dismissed sub nom. Waller v. Corr. Officer*, No. 19-13208-K, 2019 WL 6331582 (11th Cir. Sept. 27, 2019) (risk of self-harm not imminent threat of serious physical injury despite previous suicide attempt as a result of the psychological trauma). Also, courts have recognized that such a claim is inherently self-serving, difficult to verify, and subject to abuse: "[n]or will this Court accept

---

[1] The crux of Plaintiff's complaint is about the institution's failure to document his prior suicide attempts and failure to treat his suicidal ideations by providing gender dysphoria treatment.

Case No. 3:23-cv-24756-LC-HTC

medically uncorroborated self-harm claims, since that obviously would enable *convicted criminals* to instantly neutralize the very public-resource protection that Congress enacted under § 1915(g)." *Smith v. Chatham Cty. Dist. Office*, No. CV416-069, 2016 WL 1128226, at *1 (S.D. Ga. Mar. 21, 2016), *report and recommendation adopted sub nom. Smith v. Chatham Cty. Dist. Office, Da's municipality*, No. CV416-069, 2016 WL 2347099 (S.D. Ga. May 3, 2016); *see also Muhammad v. McDonough*, No. 3:06-cv-527-TJC-TEM, 2006 WL 1640128, at *1 n.1 (M.D. Fla. June 9, 2006) ("[I]t is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.  To hold otherwise would eviscerate the rule.  Every prisoner would then avoid the three strikes provision by threatening to commit suicide or by threatening to kill someone else.") (citing *Wallace v. Cockrell*, No. 3:03–MC–98–K, 2003 WL 22961212, at *2 (N.D. Tex. Oct. 27, 2003)).

Thus, because Plaintiff is a 3-striker who has not shown that he is in imminent danger of physical harm and who did not pay the filing fee, his complaint should be dismissed.  *See Dupree*, 284 F.3d at 1236.

## II.   FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Plaintiff failed to truthfully disclose his litigation history on the complaint form he submitted to the Court.  That form specifically asked him to identify any prior federal or state cases

he filed either challenging Plaintiff's conviction or otherwise relating to his conditions of confinement. *See* Doc. 1 at 13-14. Although Plaintiff disclosed six cases in that category, *see id.* at 14, he did not disclose *Washington v. Dawson, et al.*, 2:23-cv-563-JES-KCD, Doc. 17 (M.D. Fla. Nov. 17, 2023) (dismissed for failing to prosecute and comply with the Court's orders). This case bears Plaintiff's name and inmate number.

Nevertheless, Plaintiff signed the complaint "under penalty of perjury that all of the information above and included on or with this form, including my litigation history, is true and correct." *Id.* at 15-16. Plaintiff's averment that he disclosed all prior federal court cases challenging his conditions of confinement is false. Plaintiff's failure to disclose his prior case is a malicious abuse of the judicial process which warrants dismissal. *See, e.g.*, *Ealy v. CCA*, 5:15-cv-305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As recently stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little

purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1-2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker who failed to pay the $402.00 filing fee, as well as for being malicious based upon Plaintiff's failure to truthfully disclose his litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of December, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.